Filed 8/17/21  P. v. Wagner CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CLINTON FRED WAGNER,<br><br>    Defendant and Appellant. | H048840<br>(Santa Clara County<br>Super. Ct. No. C1900064) |

Penal Code section 1170.95[1] permits "[a] person convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition . . . to have [his or her] murder conviction vacated and to be resentenced on any remaining counts" when certain conditions apply.  (§ 1170.95, subdivision (a).)  The trial court denied defendant Clinton Fred Wagner's section 1170.95 petition for failure to make a prima facie case for relief because the jury instructions from his trial show that he was convicted as a direct aider and abettor.  As such, he is not a person convicted of felony murder or murder under a natural and probable consequences theory and, accordingly, is ineligible for section 1170.95 relief.

On appeal, Wagner contends the trial court erred by considering the record of conviction in determining whether he made the requisite prima facie showing.  Our Supreme Court's recent decision in *People v. Lewis* (July 26, 2021, S260598) __ Cal.5th

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

__, __ [2021 Cal. LEXIS 5258 at p. 30] (*Lewis*), which held that "the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief," compels us to reject that argument. Therefore, we shall affirm.

## I. BACKGROUND

### A. *Factual Summary*[2]

The underlying facts are not relevant to the issue on appeal, so we summarize them briefly. On May 22, 1997, Wagner, Ayana Green, and a third person drove around San Jose. After Green received a page, they stopped at a gas station where she used the telephone. During the call, she motioned for Wagner to join her, which he did. Wagner and Green returned to the car and Wagner drove the group to King and McKee. After cruising the area, Wagner stopped the car. Green got out and shot Harry Garrett, who was standing on the sidewalk. Meanwhile, Wagner drove around the corner, parked, and left the car running. Green ran back to the car and got in; Wagner drove away. Both Green and Wagner told the third person not to say anything about the shooting.

### B. *Procedural History*[3]

Wagner and Green were charged with Garrett's murder, among other offenses. The information alleged that Green personally used a handgun during the commission of the murder. Wagner and Green were jointly tried on the murder count, which was severed from the other counts. The jury convicted them both of first degree murder and found true the allegation that Green personally used a handgun. This court affirmed their murder convictions in an opinion issued on March 13, 2001.

Wagner filed a section 1170.95 petition in January 2019. The trial court appointed him counsel. The prosecutor filed a response opposing the petition. Among other things,

---

[2] We take the facts from the trial court's order denying the petition.
[3] The procedural history is taken, in part, from this court's opinion in Wagner's direct appeal (*People v. Green, et al.* (Mar. 13, 2001, H018964) [nonpub. opn.]).

the prosecutor argued that Wagner was convicted as a direct aider and abettor, not under the felony murder rule or natural and probably consequences doctrine, such that he is not eligible for section 1170.95 relief. Attached to the prosecutor's response were the jury instructions from Wagner's trial, which show that his jury was instructed on direct aiding and abetting, but not on felony murder or the natural and probably consequences doctrine. Wagner's appointed counsel chose not to file a reply.

The trial court denied the petition on December 31, 2020, reasoning that the jury instructions "conclusively demonstrate that Petitioner was not convicted of murder under a natural and probable consequences theory or of felony murder, [such that] Petitioner has not made a prima facie showing that he is entitled to relief under Penal Code section 1170.95." Wagner timely appealed.

## II. DISCUSSION

The sole issue on appeal is whether the trial court is permitted to review the record of conviction at the prima facie stage or if, as Wager argues, the court may do so only after it issues an order to show cause. Our Supreme Court resolved this previously open question in *Lewis*, holding that trial courts may rely on the record of conviction in determining whether a petitioner has made a prima facie case for section 1170.95 relief. (*Lewis*, *supra*, __ Cal.5th at pp. __ [2021 Cal. LEXIS 5258 at pp. 29-30].)

The *Lewis* court noted that "the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the

3

petitioner." ' [Citations.]" (*Lewis*, *supra*, __ Cal.5th at pp. __ [2021 Cal. LEXIS 5258 at pp. 30-31].)  Here, the record of conviction—namely, the jury instructions—establish Wagner's ineligibility without the need for any factfinding.  Therefore, the trial court did not err in denying Wagner's petition without issuing an order to show cause.

## III.    DISPOSITION

The order denying Wagner's petition is affirmed.

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.


_____

DANNER, J.


*People v. Wagner*
H048840